**Weil, Gotshal & Manges LLP**

767 Fifth Avenue<br>
New York, NY 10153-0119<br>
+1 212 310 8000 tel<br>
+1 212 310 8007 fax<br>
<br>
**John P. Barry**<br>
John.barry@weil.com

November 21, 2022

**VIA ECF ELECTRONIC FILING**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re: *George Black v. The Capital Markets Company, LLC,* Case No. 1:22-cv-08832-RA; Response to Plaintiff's November 18, 2022 Letter Regarding Expedited Summary Judgment Briefing

Dear Judge Abrams:

On behalf of The Capital Markets Company, LLC ("Capco"), we write in response to Plaintiff George Black's letter to Your Honor dated November 18, 2022. Mr. Black's letter requests the Court set an inappropriately expedited briefing schedule for his proposed motion for summary judgment, such that he would file his motion on or before January 18, 2023, with the matter fully briefed by February 15, 2023. As explained below, Mr. Black's request should be rejected because (i) it deprives Capco of its right and ability to effectively conduct the discovery necessary to meaningfully brief and defend a summary judgment motion; (ii) as Mr. Black readily admits, being unemployed is not a legitimate reason to expedite a summary judgment briefing schedule; (iii) Mr. Black voluntarily resigned from his employment at Capco; (iv) Mr. Black sat on filing this Complaint and now wants an expedited schedule; (v) Mr. Black is hardly indigent – he made over $700,000 last year and will apparently make over $800,000 at Deloitte; and (vi) Mr. Black could have found employment which did not violate his Business Protection Agreement ("BPA") or sought compensation from Deloitte in exchange for risking unemployment in order to avoid the lack of income over which he now complains.

Mr. Black voluntarily resigned from Capco on July 13, 2022. He did so of his own volition, and decided to accept a *contingent offer* from Deloitte. Specifically, Deloitte's offer explicitly prohibited Mr. Black from working for Deloitte until either the BPA's 12-month non-compete term expired, or Mr. Black obtained Capco's consent to waive certain portions of his BPA. Mr. Black has known that Capco would not accommodate his request to violate his BPA as early as August 2022 because of concerns surrounding Capco's confidential information, and told him unequivocally that Capco would not engage in further discussions on the point in early September. Mr. Black then did nothing until October 17, 2022 when he finally filed this Complaint. But he now insists that his claims proceed on an expedited

Hon. Ronnie Abrams  
November 21, 2022  
Page 2

Weil, Gotshal & Manges LLP

schedule and without affording Capco the right to conduct discovery needed to defend against his specious claims.

 Mr. Black's proposed briefing schedule is improper foremost because it deprives Capco of its right and ability to effectively conduct the discovery necessary to meaningfully brief and defend a summary judgment motion. While this case is in its most nascent stages, no schedule has been set, initial disclosures have not been exchanged, and no discovery has been conducted, Mr. Black proposes to submit a Motion for Summary Judgment in less than eight (8) weeks (inclusive of the weeks of Thanksgiving, Christmas, and New Years). This would be approximately one month after the initial conference. Mr. Black's letter suggests that the only discovery that must occur prior to his summary judgment motion is his 30(b)(6) deposition of Capco.[1] That is not accurate. Capco must be able to conduct discovery, likely including, at a minimum, written discovery, depositions of Mr. Black and Deloitte, and supplemental discovery, in order to develop the factual background necessary to meaningfully respond to Mr. Black's motion in an informed manner. Indeed, Capco's reasonable basis for rejecting Mr. Black's waiver request is based on an expert forensic report that showed that the day before Mr. Black gave Capco notice of his resignation, he attached an unauthorized external device to his Capco computer with the likely intent to transfer data onto the external device, and, on the last day Mr. Black had access to Capco systems, he accessed several highly sensitive Capco documents without proper purpose.[2] Capco cannot develop the factual background necessary to investigate key issues and meaningfully respond to Mr. Black's motion in less than eight (8) weeks.

 Mr. Black's proposal amounts to a briefing schedule devoid of the discovery necessary for adequate summary judgment briefing. "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see also Sheraton, LLC v. Fortuna Fifth Ave., LLC*, No. 17-civ-4637 (RA), 2019 WL 1510514, at *1 (S.D.N.Y. Mar. 5, 2019) (despite Your Honor being "skeptical" that any discovery would establish the defendant's defense and counterclaims, denying motion for summary judgment filed before any substantial discovery had taken place as premature). Mr. Black's proposed schedule and resulting inadequately briefed summary judgment briefs would waste the Court's time and resources in addressing Mr. Black's motion. Instead, a discovery schedule which affords Capco its right to conduct discovery and allows for adequate briefing on Mr. Black's summary judgment motion closes discovery on March 18, 2023, such that summary judgment briefing can reasonably be filed in March 2023.

---

[1] As counsel for Capco has informed counsel for Mr. Black, the appropriate 30(b)(6) deponent in this case must remain in the United Kingdom until early January 2023 because of immigration law issues. Capco has informed Mr. Black that it will make the 30(b)(6) deponent available as soon as reasonably practicable upon his return to the United States.

[2] *See* Defendant's Memorandum of Law in Support of its Partial Motion to Dismiss, ECF No. 14 at 6, 11.

Hon. Ronnie Abrams
November 21, 2022
Page 3

**Weil, Gotshal & Manges LLP**

     Mr. Black's proposed briefing schedule is also inappropriate because, as Mr. Black admits in his letter-motion, Mr. Black's only reason for his urgency – unemployment – does not justify an expedited schedule in this case. At the time Mr. Black resigned from Capco and accepted Deloitte's offer of employment, he was aware that his accepting Deloitte's offer of employment violated his BPA with Capco. Among other things, Mr. Black knew Deloitte's offer was contingent on either (i) Mr. Black obtaining Capco's permission for him to begin his employment with Deloitte or (ii) the expiration of the BPA's 12-month non-compete term. Mr. Black knew he was not guaranteed to obtain this permission. Mr. Black also knew that the 12-month non-compete terms ends in July 2023. Mr. Black chose to resign of his own volition and accept Deloitte's employment offer anyway. Deloitte's modified employment offer, which was communicated to Capco in August 2022, was also contingent on either (i) Mr. Black obtaining Capco's permission for him to begin his employment with Deloitte or (ii) the expiration of the BPA's 12-month non-compete term. But by September 2022 at the latest, Mr. Black was aware that Capco would not provide this waiver. As a seasoned professional, Mr. Black, like nearly all departing Capco employees, could have found employment that does not violate his BPA. Instead, he chose to take a risk in pursuing employment that does violate his BPA. Further, Mr. Black had the opportunity to negotiate with Deloitte to compensate him for this risk, including, perhaps, an augmented sign-on bonus or indemnification.[3]

     Mr. Black's unemployment following voluntary resignation does not justify an expedited briefing schedule in this case; and there is no justification for his proposal unfairly depriving Capco of its right to conduct discovery in order to adequately defend itself. Capco therefore requests that Your Honor deny Mr. Black's request for an Order setting the summary judgment briefing schedule to conclude by February 15, 2023. Instead, because there is no justification for an expedited briefing schedule, Capco requests Your Honor set a schedule in which summary judgment briefing commences after March 1, 2023. Thank you for Your Honor's consideration.

Respectfully,

*/s/ John P. Barry*

John P. Barry

Plaintiff's application for an accelerated briefing schedule for a partial summary judgment motion is denied. To the extent that the parties do not agree on an appropriate discovery timeline, their respective positions should be included in the joint letter and proposed case management plan to be filed one week in advance of the initial pretrial conference. By letter dated November 17, 2022, Plaintiff consented to adjournment of the initial pretrial conference to December 15, 2022. *See* Dkt. 15. Accordingly, the joint letter and proposed case management plan shall be submitted no later than December 8, 2022.

SO ORDERED.

Hon. Ronnie Abrams
United States District Judge
11/22/2022

---

[3] While Mr. Black's letter-motion argues that one of the reasons his unemployment justifies an expedited briefing schedule is that he is losing income, it should be noted that this is not a case involving a low-income individual living paycheck-to-paycheck. Mr. Black is a man of considerable resources who was earning over $700,000 per year at Capco, and, according to the Complaint, will be earning over $800,000 per year at Deloitte.